with thanks to all council. And our last case this morning is United States v. Rogers. May it please the court. Patrick Rogers is not suggesting that the district court imposed a substitutively unreasonable sentence. And he's not arguing that the district court was prohibited from structuring the sentence in the way that it did. Our overarching complaint here is that the record lacks a meaningful explanation for the imposition of a 120-month sentence on count one, the drug count, and a consecutive 18-month sentence on the felon in possession count. Let me ask you a question on that. Sure. There is an explanation. It's on page 29 of the sentencing transcript. And there the judge said, in balancing those factors in the court, the court's view today requires a sentence of 120 months as to the offense of conviction in count one to be followed by a consecutive sentence of 18 months as to the offense of conviction in count three for a total sentence of 138 months. If the judge had said the following, in balancing those factors in the court, the court's view today requires a sentence of 138 months to be designated as follows, 120 months on count one to be followed by a sentence of 18 months on count three. Would you be here today? Yes. How so? Because this happens all the time, where the judge takes the guidelines and determines the appropriate sentence under the guidelines is 140 months. How do I get there? The felon in possession count one conviction carries a statutory maximum of 120 months or the defendant pled guilty to four phone counts. The appropriate sentence is 120 months to be served 48 months on count one, 48 months on count two, 48 months on count three, or whatever you get to to get to the total sentence. What's wrong with that? So my response has a couple of parts. First, I think we would still be here to your honor's first question, because the sentencing judge did not explain what factors and how the court was weighing those factors. Well, the 3053A factors. Right, your honor. That's what the court was referring to, but the court didn't explain how Mr. Rogers' personal history and characteristics influenced the sentence. The court didn't explain how, necessarily, the offense conduct was weighed in the... Well, I think he did. I mean, he talked about fentanyl. I mean, a lot of the stuff is very favorable to your client that the court was talking about, which you can only conclude resulted in the below guideline sentence, I think. And I think that the end of your honor's statement right there, the I think part, is the problem here, because we don't know whether it was the offense conduct... Well, he didn't go above. Correct. He did not go above. But we also don't know whether a 120-month sentence, which was the sentence the court imposed on count one, you know, why didn't that account for the offense conduct? Well, what judge would do that? I mean, what, I guess, are you setting up a standard where a judge has to explain why the judge didn't give particular... I didn't give 110 months for this reason. I didn't give 120 months. I didn't give 115 months. I arrived at 138 months. I mean, I don't... What standard are you setting for district judges here? So here, where the statute 3584 assumes, starts with a default of concurrent sentences, where the guidelines also start with a default of concurrent sentences, where the defense was asking for a total sentence of 120 months and set forth arguments in support of that sentence, and where the court ultimately decided, as I stated earlier, that a sentence of 120 months was appropriate on the drug count, which necessarily involved the conduct at issue with the gun count, too, at least in how the guidelines were calculated and grouped. Where did the judge say that 120 months was adequate on the gun, on the drug count? That is the sentence that the court imposed on that count. Because that's the statutory maximum. On the drug, I... On count one, the statutory maximum was 120 months, right? On count one, the statutory maximum was life. I'm sorry, minimum 120 months. Yeah, minimum, minimum 120 months, right. The maximum was 10 on count. Right, you're right, you're right. For the felony possession, yes. But the court did say that 120 months was appropriate on the drug count, and the conduct there would necessarily have incorporated the gun also in how the guidelines were calculated, at least. So there are all these factors that weigh in favor of a concurrent sentence here, but we don't have any explanation for why the court disregarded all of those different factors and instead imposed a consecutive sentence. And more generally, we don't have an explanation for how the court weighed the 3553A factors and how the court considered or didn't consider or didn't agree with the defense's arguments. Well, no, the judge explained at length his analysis of the case under the 3553A sentencing factors discretionary, the factors that guide his discretion. That's all over this transcript. The fact that he didn't link it to the decision to structure the sentence in the way that he did, 120, the mandatory minimum on the drug count, followed by 18 months on the gun count for a total of 138, doesn't make any difference here. There's no requirement that he provide some sort of fact-based rationale for doing that. He decided, based on his holistic evaluation of the case and the defendant's history and all of the other 3553A factors, that 138 months was the right sentence and he structured it in the way that he did, 120 followed by 18. Those are both within the statute and nothing more is required. I don't believe that we have a holistic determination here. I don't believe that we have an individualized sentence. In the factors considered by the court, three pages of the district court's explanation for the sentence, by the court's own admission, apply to 40% of the cases before him. The fentanyl, the issues with fentanyl and the community, the dangers of fentanyl, the epidemic, that's not individualized to Mr. Rogers. That's a problem and that certainly could be considered and I'm not saying that the court can't consider that, but that's not an individualized sentence. That's not considering Mr. Rogers and his impact on the... You're requiring the impossible here. The judge is perfectly free to comment, especially in drug cases, about the community impact of the drug trade and in particular fentanyl, without creating an appellate issue. There's nothing wrong with that and that doesn't take away from the rest of the analysis here and it certainly doesn't call into question the 138-month sentence or how the judge structured it between the two counts as a consecutive sentence. I agree with Your Honor that the court is not prohibited from considering that. I agree with Your Honor that it's appropriate for the court to consider that, but what also needs to be considered are Mr. Rogers' individual circumstances and I don't think those were here. And I also think that given, you know, as I was going through earlier, given the default in the statute for concurrent sentences and especially the defense's argument for a total sentence of 120 months, the court just needed to explain why that wasn't appropriate. You know, I could see the court saying something along the lines of... he or she is rejecting the defense proposal. That's not required. But the law does require the judge to explain why a particular sentence is appropriate for a particular person. And I don't think we have that here. That's really an overstatement. The judge is not required to state why a particular sentence is appropriate for a particular person. There are many inputs into the sentencing decision, including the effect on the public, including the nature of the crime, the severity of the crime, the victim statements, a myriad of factors, as you well know. So your statement just now was vastly overbroad. I don't think it was overbroad, Your Honor. I think that plenty of this court's case law establishes that sentencing determinations are individualized assessments that need to consider the person. Yes, that focus on the total case, not just the defendant's characteristics. And you made a statement that sounded often like a categorical rule that the judge has to explain why X number of months is appropriate for this defendant, presumably in personal terms, as opposed to the totality of the case. That's not required. The law doesn't require that. No statute does. The guidelines do not. No gloss on the statute or guidelines requires that. And if I misspoke or implied something different than what I intended, I apologize. But what I intended to say is that it's an individualized assessment. All of the factors need to be weighed. It's not okay for the court to only focus on the fentanyl epidemic, though that is a proper consideration, or just focus on the cost of incarceration, which may be an appropriate consideration too. Those, though, apply to people in general and not just Mr. Rogers. And I do believe the case law establishes that all of the 3553A factors do need to be considered, which would include a person's personal history and characteristics. Now, do those have to play the most important role? Certainly not. But they have to at least factor into the court's decision, and I think they especially do here where the defense was making arguments that were related to Mr. Rogers' personal history and characteristics, and they were non-frivolous arguments, which Rita says need to be considered. That's the threshold. Non-frivolous arguments must be considered by the court, and we have the defense talking about Mr. Rogers' age. Mr. Rogers mentioned that too. We have the defense talking about double counting in this case, which is an offense characteristic that still needs to be considered. We have the defense talking about double counting of Mr. Rogers' criminal history, his one prior conviction. Those things weren't adequately considered by the court, weren't mentioned in the district court's explanation of sentence. We don't know how those factored in, and that is a problem because non-frivolous arguments do need to be addressed by the court. Now, the court, you know, I wholeheartedly agree that the court doesn't have to agree with the defense's arguments, but the court has to at least consider them, and that wasn't done here. Thank you. Mr. Koenig. I'm sorry if that surprised you. Your light's been on for some time. I apologize. Thank you. Thank you. Good morning, and may it please the court. My name is Jonathan Koenig. I appear on behalf of the United States this morning. Some years ago a retailer, TJ Maxx, had a jingle that went, get the max for the minimum at TJ Maxx. I don't know if you remember that. It kind of came into my head during Ms. Lennon's presentation because I think there is a kind of pedestrian explanation for why we're here, and that is that the sentencing judge prior to sentencing Mr. Rogers had had an experience in the Vance Fields case where he kind of got burned by concurrent time. If I can just borrow the numbers from this case, what he did was he said, okay, 138 months on both counts concurrent. And then it turned out, oops, everyone later realized that one of those counts had a statutory maximum of 120 months, and that had to be corrected by way of a joint petition for a remand. It was messy. And that was a recent experience that hovered over this sentencing proceeding. You can see it on pages 15 to 17 if that context is helpful at all. It's a little helpful. It's just a little odd. I mean, usually you would expect. I mean, here Ms. Lennon is right that the maximum on count one is life, so typically you'd see the judge sentenced to 138 months on count one, and then the judge could sentence to the maximum on count two, 120 months, right, to be served concurrently. It's a little bit odd when a judge, particularly in a case like this, says the statutory minimum on count one to be followed by 18 months on count two, but still we can see how he got there. He decided on a total sentence of 138 months, and then he split up the counts, which would be weird. I mean, I think the only effect that has, and you tell me if I'm wrong, but I think the only effect that has is if, let's say, count three was thrown out on appeal, then the defendant would have a 120-month sentence instead of 138 months, or if count one was thrown out on appeal, the defendant would only be serving an 18-month sentence because that's what the defendant was sentenced to on count three. I think that's why district judges typically do not do it that way. And I would say our office has an institutional preference for the mechanism that you just laid out for the reason that you laid out, which is things happen. The law changes, and sometimes counts are overturned, or the law changes. Let me ask you a different question. We have said, and U.S. Humania, N-A-N-I-A, is a good example. We've said courts must correctly determine whether the guidelines recommend concurrent sentences. And then in that case we said failure to do so results in procedural error. So that leads me to my question in this case. Where do we see the district court here correctly determining whether the guidelines recommend concurrent sentences? Where do we have the recognition or any sense in the transcript that in this particular case the judge is aware of the default being concurrent, 5G 1.1, and has explained his decision, which he's well within his rights to do, we've all discussed that, to structure it otherwise? There's no direct consideration of that, Your Honor, to be candid. On the other hand, nobody asked for it either, and that's where our plain error argument comes in. This entire argument about the structuring of the sentence. Is your only response that no one asked for it, and then that leads to the plain error argument? Because your plain error argument runs headlong into a lot of our precedent about not having to take exception during sentencing to a judge's sentencing decision. So I want to know if you have a different argument. Respectfully, I disagree that this case is problematic. My argument in this case, my plain error argument, is problematic in light of the you don't need to take exception line of cases. So if I could just address that part for a moment. Our understanding of that legal proposition, which derives from Rule 51, is that when the judge explains the sentence, the defendant doesn't have to stand up and say, I object or I take exception, Your Honor. That doesn't relieve the defendant of raising arguments when it has an opportunity to do so. And in this case, there was no argument along these lines. But the judge doesn't say until the very end of sentencing, we were at the page, that it's going to be consecutive. Well, the argument came up even earlier, though. About the state sentence. Well, yes. So in a general sort of way, this consecutive concurrent issue was kicking around. The prosecutor on page 18 says something along the lines of how you choose to structure this doesn't matter to the government. And then defense attorney has a chance to speak after that and says absolutely nothing about it. So that would have been the time if the defense cared about the structuring of the sentence to raise the argument and preserve it under Rule 52. Again, I'm mindful of the cases that you're talking about and obviously don't want to run afoul of the very recent statement in Martin, like wake up, this is serious. We understand all that. But I don't think that this is a taking exception scenario, respectfully. And I hope I answered your question. So your answer then is there is no statement here on this transcript where the judge is correctly determining whether the guidelines recommend concurrent sentences. Quoting again from NANIA. But your answer is no one asked. I don't see it in the transcript. Not a direct consideration. So the other thing I'd like to discuss is whether or not there was individualized sentencing in this case because my opponent emphasized that in her remarks. I disagree with her. I think that there was some noise in this hearing about BOP policy and the cost of incarceration and whatever. But it's very clear that this judge had reviewed the PSR, was familiar with the dimensions of the fentanyl crisis and the need to protect the public, and also with the defendant's admission about using guns to protect his drug trafficking activities. And he directly addressed Mr. Rogers at the beginning of the hearing. This is on the beginning of his remarks at pages 23 and 24. And you should have realized how dangerous these activities were. And so I do think there was an individualized consideration of the case before the court, even though there may also have been other issues that the judge wanted to talk about. Respectfully, I don't think the so-called Cunningham arguments that my opponent says ought to have been addressed were really worthy of comment. One is that a 41-year-old defendant will be approximately 50 when he gets out of prison. Maybe it's just my own age, but I don't see those numbers as screaming out for the detailed consideration of do defendants age out of crime and that sort of thing. There was certainly no real substantiation of that argument with data or studies or anything. It was kind of almost an afterthought. And as far as double counting, there was no double counting, at least as a guidelines matter, because the firearms count dropped out of the analysis. So the only guideline enhancement is the one that attached under 2D for use of a firearm. So that's counted once. And again, it's the kind of argument that is so insubstantial that it doesn't really require the judge to spend time on it. And my last comment, I suppose my opponent didn't really talk about her Section 2106 argument, but we think that this case is clearly distinguishable from Claiborne and Easterling, the 20HA case, where the defendant faced, excuse me, his sentence was 175% higher than the high end of the amended range. There was nothing like this here, and of course the judge had already adjudicated Amendment 821 in a Section 3582C2 proceeding. So there's several reasons at least why these cases are distinguishable and really no limiting principle articulated by my opponent for when 2106 applies and when it doesn't. Does the panel have any more questions? For the first time in a long time, I'm over my time. Thank you. Thank you. Ms. Lennon, anything further? You used all your time, but you can have a moment to sum up if you have anything else to say. I will try to be very brief, Your Honor. I want to just briefly touch on 2106, 28 U.S.C. 2106, and our argument there, because I do think that that is the cleanest way for this court to resolve this case right now. With a remand for resentencing, it would allow the district court to address not only Amendment 821 and its impact here, which it does have a significant impact, but also address the other issues that we don't think were adequately addressed and explain the concurrent versus consecutive sentence, address the mitigation arguments and those things. I do think that provides the cleanest and most straightforward way of doing so. Are there any cases supporting the use of that sort of omnibus provision for a below-guideline sentence that is not being challenged on substantive reasonableness grounds? I don't believe there is a specific case in the Seventh Circuit that supports the use of 2106 or 400-month sentences, sentences of multiple life terms, consecutive, et cetera, where there's perhaps been a misfire or miscarriage of justice by the district court. To answer your question directly, I haven't found one. I wish I would have been able to find one. But at the same time, I do think that Mr. Rogers' sentence was anchored to the guidelines. The court reduced it by 30 months, which is the amount of time from the bottom of the guidelines, which was 168 months. The court ultimately imposed a 138-month sentence. That's a reduction by 30 months, which is the amount of time that Mr. Rogers' case was pending, the amount of time he was in custody after the offense. So I do think if that's, in fact, how the court arrived at the sentence by reducing it by 30 months, then it was tethered to the bottom of the guidelines, and I do think then Easterling's logic and Claiborne's logic would apply here, and the court could remand under 2106 for the district court to consider the impact. Thank you. Thank you. Thanks to both counsel. The case is taken under advisement. And that concludes our calendar today. The court is in recess.